AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☑ INDICTMENT
☐ SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location:
NORTHERN DISTRICT OF CALIFORNIA

FILED
2007 OCT 25 PM 4:10

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

--- OFFENSE CHARGED ---
SEE ATTACHMENT

☐ Petty
☐ Minor
☐ Misdemeanor
☑ Felony

PENALTY:
SEE ATTACHMENT

--- DEFENDANT - U.S. ---
▶ WINSLOW NORTON

DISTRICT COURT NUMBER
CR07-0683 DLJ

--- PROCEEDING ---
Name of Complaintant Agency, or Person (&Title, if any)
DRUG ENFORCEMENT ADMINISTRATION

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. Att'y  ☐ Defense

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under ▶

SHOW DOCKET NO.

MAGISTRATE CASE NO.

Name and Office of Person Furnishing Information on THIS FORM
SCOTT N. SCHOOLS
☑ U.S. Att'y  ☐ Other U.S. Agency

Name of Asst. U.S. Att'y (if assigned)  STEPHEN G. CORRIGAN, AUSA

--- DEFENDANT ---
IS NOT IN CUSTODY
1) ☑ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)
Northern District of CA (Complaint 4:07-70394 WDB)

IS IN CUSTODY
4) ☐ On this charge
5) ☐ On another conviction
6) ☐ Awaiting trial on other charges  } ☐ Fed'l  ☐ State

If answer to (6) is "Yes", show name of institution _____

Has detainer been filed?  ☐ Yes  ☐ No  } If "Yes" give date filed _____

DATE OF ARREST ▶ Month/Day/Year _____
Or... if Arresting Agency & Warrant were not
DATE TRANSFERRED TO U.S. CUSTODY ▶ Month/Day/Year _____

☐ This report amends AO 257 previously submitted

--- ADDITIONAL INFORMATION OR COMMENTS ---

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☑ WARRANT  Bail Amount: NO BAIL

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____
Before Judge: _____

Comments:

ATTACHMENT FOR
PENALTY SHEET

**VIOLATIONS**:

COUNT 1:   21 U.S.C. § 846 - Conspiracy;

COUNT 2:   21 U.S.C. § 841(a)(1) - Possession With Intent To Distribute Marijuana;

COUNT 3:   21 U.S.C. § 841(a)(1) - Possession With Intent To Distribute Marijuana;

COUNT 4:   21 U.S.C. § 856(a)(1) - Maintaining Drug Involved Premises;

COUNT 5:   18 U.S.C. § 1956(h) - Conspiracy to Launder Money;

COUNTS
6 - 13:    18 U.S.C. § 1956(a)(1)(A)(i) - Money Laundering (Promotion);

COUNTS
14 - 23:   18 U.S.C. § 1957 - Money Laundering (Expenditure);


**PENALTIES**:

COUNT 1:   5 - 40 years imprisonment; $2,000,000 fine; at least 4 years of supervised release; $100 special assessment

COUNT 2:   0 - 5 years imprisonment; $250,000 fine; 0 - 3 years supervised release; $100 special assessment

COUNT 3:   0 - 20 years imprisonment; $250,000 fine; 0 - 3 years supervised release; $100 special assessment

COUNT 4:   $500,000 fine, 0 - 3 years supervised release; $100 special assessment

COUNTS
5 - 23:    0 - 20 years imprisonment; $500,000 fine or twice the value of the property involved in the transaction, whichever is greater; 0 - 3 years supervised release; $100 special assessment

AO 257 (Rev. 6/78)

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☑ INDICTMENT  ☐ SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA

FILED
2007 OCT 25 PM 4:10
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**OFFENSE CHARGED**

SEE ATTACHMENT

☐ Petty
☐ Minor
☐ Misdemeanor
☑ Felony

PENALTY:
SEE ATTACHMENT

**DEFENDANT - U.S.**

▶ ABRAHAM NORTON

DISTRICT COURT NUMBER

CR07-0683 DLJ

**PROCEEDING**

Name of Complaintant Agency, or Person (&Title, if any)
DRUG ENFORCEMENT ADMINISTRATION

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
  ☐ U.S. Att'y  ☐ Defense

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

SHOW DOCKET NO.

MAGISTRATE CASE NO.

Name and Office of Person Furnishing Information on THIS FORM     **SCOTT N. SCHOOLS**
☑ U.S. Att'y  ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)   STEPHEN G. CORRIGAN, AUSA

**DEFENDANT**

IS *NOT* IN CUSTODY
1) ☑ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges ▶
2) ☐ Is a Fugitive
3) ☐ Is on Bail or Release from (show District)

Northern District of CA (Complaint 4:07-70394 WDB)

IS IN CUSTODY
4) ☐ On this charge
5) ☐ On another conviction
6) ☐ Awaiting trial on other charges  } ☐ Fed'l  ☐ State
If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No  } If "Yes" give date filed

DATE OF ARREST ▶      Month/Day/Year

Or... if Arresting Agency & Warrant were not
DATE TRANSFERRED ▶    Month/Day/Year
TO U.S. CUSTODY

☐ This report amends AO 257 previously submitted

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☑ WARRANT    Bail Amount: NO BAIL

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:
Before Judge:

Comments:

ATTACHMENT FOR
PENALTY SHEET

**VIOLATIONS**:

COUNT 1:     21 U.S.C. § 846 - Conspiracy;

COUNT 2:     21 U.S.C. § 841(a)(1) - Possession With Intent To Distribute Marijuana;

COUNT 3:     21 U.S.C. § 841(a)(1) - Possession With Intent To Distribute Marijuana;

COUNT 4:     21 U.S.C. § 856(a)(1) - Maintaining Drug Involved Premises;

COUNT 5:     18 U.S.C. § 1956(h) - Conspiracy to Launder Money;

COUNTS
6 - 13:      18 U.S.C. § 1956(a)(1)(A)(i) - Money Laundering (Promotion);

COUNTS
14 - 23:     18 U.S.C. § 1957- Money Laundering (Expenditure);


**PENALTIES**:

COUNT 1:     5 - 40 years imprisonment; $2,000,000 fine; at least 4 years of supervised release; $100 special assessment

COUNT 2:     0 - 5 years imprisonment; $250,000 fine; 0 - 3 years supervised release; $100 special assessment

COUNT 3:     0 - 20 years imprisonment; $250,000 fine; 0 - 3 years supervised release; $100 special assessment

COUNT 4:     $500,000 fine, 0 - 3 years supervised release; $100 special assessment

COUNTS
5 - 23:      0 - 20 years imprisonment; $500,000 fine or twice the value of the property involved in the transaction, whichever is greater; 0 - 3 years supervised release; $100 special assessment

# United States District Court

**FOR THE**
**NORTHERN DISTRICT OF CALIFORNIA**
**CRIMINAL DIVISION**
VENUE: OAKLAND


FILED
OCT 2 5 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

CR07-0683 DLJ

UNITED STATES OF AMERICA,

V.

WINSLOW NORTON and
ABRAHAM NORTON,

DEFENDANT.

---

## INDICTMENT

21 U.S.C. § 846 - Conspiracy; 21 U.S.C. § 841(a)(1) -
Possession With Intent To Distribute Marijuana; 21
U.S.C. § 856(a)(1) - Maintaining Drug Involved
Premises; 18 U.S.C. § 1956(h) - Conspiracy to Launder
Money; 18 U.S.C. § 1956(a)(1)(A)(i) - Money
Laundering (Promotion); 18 U.S.C. § 1957- Money
Laundering (Expenditure); 21 U.S.C. § 853(a) – Drug
Forfeiture; 18 U.S.C. § 982 - Criminal Forfeiture

---

A true bill.

_____
Foreman

Filed in open court this __25th__ day of
__October 2007__

_____
Clerk

Bail, $ _No bail arrest Warrants for both defendants_
_Wayne D. Brazil_
10-25-07

SCOTT N. SCHOOLS (SC 9990)
United States Attorney

FILED

2007 OCT 25 PM 4: 11

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>WINSLOW NORTON and<br>ABRAHAM NORTON,<br><br>Defendants. | No. CR07-0683 DLJ<br><br>VIOLATIONS: 21 U.S.C. § 846 - Conspiracy; 21 U.S.C. § 841(a)(1) - Possession With Intent To Distribute Marijuana; 21 U.S.C. § 856(a)(1) - Maintaining Drug Involved Premises; 18 U.S.C. § 1956(h) - Conspiracy to Launder Money; 18 U.S.C. § 1956(a)(1)(A)(I) - Money Laundering (Promotion); 18 U.S.C. § 1957- Money Laundering (Expenditure); 21 U.S.C. § 853(a) – Drug Forfeiture; 18 U.S.C. § 982 - Criminal Forfeiture<br><br>OAKLAND VENUE |

INDICTMENT

The Grand Jury charges:

COUNT ONE: (21 U.S.C. § 846 – Conspiracy)

1.  Beginning on a date unknown, but no later than in or about June 2004, and continuing to in or about October 2007, in the Northern District of California, the defendants,

WINSLOW NORTON
and
ABRAHAM NORTON,

//

//

INDICTMENT

1  and others, conspired to commit the following offenses: (a) to knowingly and intentionally
2  possess with the intent to distribute more than 100 kilograms of marijuana, a Schedule I
3  controlled substance, in violation of Title 21, United States Code, Section 841(a)(1); (b) to
4  knowingly and intentionally distribute more than 100 kilograms of marijuana, a Schedule I
5  controlled substance, in violation of Title 21, United States Code, Section 841(a)(1); and (c) to
6  knowingly rent, use, and maintain a place for the purpose of distributing a Schedule I controlled
7  substance, namely, marijuana, in violation of Title 21, United States Code, Section 856(a).

Means and Methods of the Conspiracy

9     2.   The objects of the conspiracy were accomplished in substance as follows:
10        a. From 2004 through October 2007, WINSLOW NORTON and ABRAHAM
11  NORTON (NORTONS), owned and operated for profit a company, which they named
12  Compassionate Collective of Alameda County (CCAC) and was later known as the
13  Compassionate Patients' Cooperative of California (collectively "the company"). The company
14  was located in three buildings, designated by the numbers 21222, 21228, and 21272, Mission
15  Boulevard, Hayward, California, hereafter " Mission Boulevard." From this location, the
16  company sold marijuana in various forms at various prices. The NORTONS served as directors
17  of the company.
18        b. The NORTONS employed an armored car service to transport the marijuana
19  sales proceeds from the Mission Boulevard location to the Bank of America. Additionally, the
20  company employed armed guards at the business location. The Mission Boulevard location was
21  surrounded by an approximately eight-foot fence, topped by barbed-wire along the sides and rear
22  of the facility. An electronically controlled gate, with an armed guard, controlled access to the
23  business location by vehicle.
24        c. The company generated substantial sales and profits which increased over time.
25  In 2004, sales totaled more than $74,000. In 2005, sales totaled more than $1,300,000. In 2006,
26  sales totaled more than $21,500,000. From January 2007 through June 2007, sales totaled more
27  than $26,300,000.
28        d. The NORTONS used the proceeds derived from the sales of marijuana to

INDICTMENT                  2

purchase several luxury items and properties, including but not limited to the following: two new Mercedes Benz automobiles; one new Ford F-250 truck; three new motorcycles; a residence in Lafayette, California, for a purchase price of $1,097,000; and a commercial building in Albany, California, for a purchase price of $1,100,000. In addition, the NORTONS used the proceeds derived from the sales of marijuana to open two Individual Retirement Accounts in their own names in the amounts of $25,000 each, adding an additional $44,000 to each account at a later date.

<u>Overt Acts</u>

3.      In furtherance of the conspiracy, and to accomplish the objects of the conspiracy, the NORTONS and others committed various overt acts within the Northern District of California and elsewhere, including, but not limited to, the following:

     a. On or about June 9, 2004, and July 26, 2004, WINSLOW NORTON filed a fictitious business name in Alameda County in the name of the Compassionate Collective of Alameda County (CCAC).

     b. On or about June 9, 2004, WINSLOW NORTON opened a Bank of America business checking account in his name and in the name of CCAC (hereafter "account number 1").

     c. On or about August 30, 2005, WINSLOW NORTON and ABRAHAM NORTON applied for a marijuana dispensary permit with the Alameda County Sheriff's Office.

     d. On or about October 4, 2004, the NORTONS, on behalf of CCAC, registered CCAC with the California Employment Development Department (EDD).

     e. From in or about 2004 though in or about October 2007, the NORTONS owned and operated CCAC, from which they sold marijuana for profit.

     f. From in or about 2004 through in or about October 2007, the NORTONS used the proceeds from the sales of marijuana to pay the rent for Mission Boulevard, to pay employee salaries, to pay for their motorcycles, cars and trucks, and to purchase residential and commercial property.

     g. On or about April 12, 2005, WINSLOW NORTON knowingly possessed

INDICTMENT                                    3

...

1  approximately 44 pounds of marijuana in Mendocino County, California.

2        h.    On or about March 23, 2006, WINSLOW NORTON opened a second Bank of America business checking account solely in the name of CCAC (hereafter "account number 2"), with a transfer of $213,639.81 from Account number 1.

      I.    On or about November 19, 2004, the NORTONS filed with the State of California a limited liability corporation Articles of Organization in the name of CCAC.

      j.    On or about August 2, 2006, the NORTONS possessed approximately 50 pounds of marijuana at the CCAC in Hayward, California.

      k.    On or about December 26, 2006, the NORTONS submitted an Application for Seller's permit to the California Board of Equalization.

      l.    On or about March 3, 2007, the NORTONS leased three Toyota trucks on behalf of CCAC.

All in violation Title 21, United States Code, Section 846.

COUNT TWO: (21 U.S.C. § 841(a)(1) – Possession of Marijuana With Intent to Distribute)

4.    In or about June 2004 and continuing to in or about October 2007, in the Northern District of California, County of Alameda, the defendants,

WINSLOW NORTON
and
ABRAHAM NORTON,

did knowingly and intentionally possess marijuana with the intent to distribute it, and did distribute marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

COUNT THREE: (21 U.S.C. § 841(a)(1) – Possession of Marijuana With Intent to Distribute)

5.    On or about April 12, 2005, in the Northern District of California, County of Mendocino, defendant

WINSLOW NORTON

did knowingly and intentionally possess marijuana, a Schedule I controlled substance, with the intent to distribute it, in violation of Title 21, United States Code, Section 841(a)(1).

INDICTMENT                                       4

COUNT FOUR: (21 U.S.C. § 856(a)(1) – Maintaining a Drug-Involved Premises)

6. Beginning in or about June 2004 and continuing to in or about October 2007, in the Northern District of California, the defendants,

WINSLOW NORTON
and
ABRAHAM NORTON,

did knowingly open, rent, use, and maintain any place, namely, the Compassionate Collective of Alameda County, LLC (CCAC), located at Mission Boulevard, Hayward, California, for the purpose of distributing marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 856(a)(1).

COUNT FIVE: (18 U.S.C. § 1956(h) – Conspiracy)

7. The allegations of Counts One through Four are repeated and realleged as if fully set forth herein.

8. At all relevant times, Bank of America was a financial institution, the deposits of which were insured by the Federal Deposit Insurance Corporation, and which was engaged in activities affecting interstate and foreign commerce.

9. In or about June 2004, and continuing to in or about October 2007, in the Northern District of California, the defendants,

WINSLOW NORTON
and
ABRAHAM NORTON,

conspired to commit the following offenses: (a) to launder money by engaging in financial transactions which involved the proceeds of specified unlawful activity, with the intent to promote the carrying on of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(I); and (b) to engage in monetary transactions in criminally derived property of a value greater than $10,000, in violation of Title 18, United States Code, Section 1957.

Overt Acts

10. On or about April 28, 2005, in the name of CCAC, 21222 Mission Boulevard,

INDICTMENT    5

1  Hayward, California, defendant WINSLOW NORTON purchased a 2005 Ford F-250 truck for
2  $43,987.94, paying a deposit of $500 and paying the remainder of the balance due with a CCAC
3  check in the amount of $43,487.94 drawn on account number 1.

4      11.    On or about June 13, 2005, defendants WINSLOW NORTON and ABRAHAM
5  NORTON purchased a 2006 Mercedes Benz ML 500 for $67,929.81, paying with a check in the
6  amount of $22,000 drawn on ABRAHAM NORTON's Bank of America personal checking
7  account, and financing the remainder of the balance due.

8      12.    On or about April 6, 2006, defendant WINSLOW NORTON opened two
9  Individual Retirement Accounts, one in his name and one in the name of his brother,
10 ABRAHAM NORTON, issuing two checks in the amount of $25,000 each from the CCAC Bank
11 of America business checking account number 2 made payable to Lincoln Financial Advisor.

12     13.    On or about April 8, 2007, defendant WINSLOW NORTON issued a personal
13 check in the amount of $10,000 to Cornerstone Title Company as a deposit for the purchase of a
14 commercial property located at 636 San Pablo Avenue, Albany, California for the total purchase
15 price of $1,100,000.00.

16     14.    On or about May 8, 2007, ABRAHAM NORTON issued two checks drawn on
17 the CCAC Bank of America business checking account number 1, each in the amount of $44,000
18 and made payable to Lincoln Financial Advisors, for contributions to the existing Individual
19 Retirement Accounts in his name and in the name of his brother, WINSLOW NORTON.

20     15.    On or about May 25, 2007, defendant ABRAHAM NORTON issued a personal
21 check in the amount of $10,000 to Ticor Title as a deposit for the purchase of a residence located
22 at 3959 Cowan Road, Lafayette, California, for the total purchase price of $1,097,000.00.

23     16.    On or about June 6, 2007, defendant WINSLOW NORTON withdrew
24 $122,428.19 from his Bank of America personal savings account and caused to be issued a
25 Bank of America cashier's check in the amount of $122,428.19 payable to Cornerstone Title
26 Company as a partial down payment on the purchase of the commercial property located at 636
27 San Pablo Avenue, Albany, California, for the total purchase price of $1,100,000.

28     17.    On or about June 6, 2007, defendant ABRAHAM NORTON withdrew $122,000

INDICTMENT      6

from his Bank of America personal checking account and caused to be issued a Bank of America cashier's check in the amount of $122,000.00 to Cornerstone Title Company as a partial down payment on the purchase of the commercial property located at 636 San Pablo Avenue, Albany, California, for the total purchase price of $1,100,000.

18. On or about June 11, 2007, defendant ABRAHAM NORTON withdrew $45,000 from his Bank of America personal checking account and caused to be issued a Bank of America cashier's check in the amount of $45,000 to Ticor Title Company as a partial down payment for the purchase of the residence located at 3959 Cowan Road, Lafayette, California, for the total purchase price of $1,097,000.

19. On or about June 11, 2007, defendant WINSLOW NORTON withdrew $61,000 from his Bank of America checking account and withdrew $3,000 from his Bank of America savings account and caused to be issued a Bank of America cashier's check in the amount of $64,000 to Ticor Title Company as a partial down payment on the purchase of the residence located at 3959 Cowan Road, Lafayette, California, for the total purchase price of $1,097,000.

All in violation of Title 18, United States Code, Section 1956(h).

COUNTS SIX THROUGH THIRTEEN: (18 U.S.C. § 1956(a)(1)(A)(I) - Money Laundering (Promotion))

20. The allegations of Counts One through Four are repeated and realleged as if fully set forth herein.

21. At all times relevant, Bank of America was a financial institution, the deposits of which were insured by the Federal Deposit Insurance Corporation, and which was engaged in activities affecting interstate and foreign commerce.

22. On or about each of the dates set forth below, in the Northern District of California and elsewhere, the defendants named below did conduct and did attempt to conduct financial transactions affecting interstate commerce, knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, and which in fact did involve the proceeds of such specific unlawful activity, namely, the distribution of marijuana, a Schedule I controlled substance, with the intent to promote the carrying on of such specified unlawful activity:

INDICTMENT                                            7

| COUNT | DATE | DEFENDANT(S) | FINANCIAL TRANSACTION |
|---|---|---|---|
| 6 | 04/17/05 | ABRAHAM NORTON | Rent payment of $3,750 for Mission Boulevard with check # 186, CCAC Account number 1 |
| 7 | 07/15/05 | WINSLOW NORTON | Rent payment of $16,500 for Mission Boulevard with check #256, CCAC Account number 1 |
| 8 | 12/09/05 | WINSLOW NORTON and ABRAHAM NORTON | Transfer of $19,640.39 from CCAC Account number 1 to ADP for CCAC payroll |
| 9 | 3/06/06 | WINSLOW NORTON and ABRAHAM NORTON | Transfer of $23,977.95 from CCAC Account number 1 to ADP for CCAC payroll |
| 10 | 11/01/06 | ABRAHAM NORTON | Rent payment of $8,000 for Mission Boulevard with check #392, CCAC Account number 2 |
| 11 | 3/16/07 | WINSLOW NORTON and ABRAHAM NORTON | Transfer of $122,344.49 from CCAC Account number 2 to ADP for CCAC payroll |
| 12 | 3/16/07 | WINSLOW NORTON and ABRAHAM NORTON | Transfer of $132,590.14 from CCAC Account number 2 to ADP for CCAC payroll |
| 13 | 4/15/07 | WINSLOW NORTON | Rent payment of $8,000 with check #536, CCAC Account number 2 |

All in violation of Title 18, United States Code, Section 1956(a)(1)(A)(I).

COUNTS FOURTEEN THROUGH TWENTY-THREE : (18 U.S.C. § 1957 – Money Laundering (Expenditure))

23. The allegations of Counts One through Four are repeated and realleged as if fully set forth herein.

24. At all times relevant, Bank of America was a financial institution, the deposits of which were insured by the Federal Deposit Insurance Corporation, and which was engaged in activities affecting interstate and foreign commerce.

25. On or about the dates described below, in the Northern District of California and

INDICTMENT                                                  8

elsewhere, the defendants identified below did knowingly engage in monetary transactions in criminally derived property of a value greater than $10,000, as described below, said property being derived from a specified unlawful activity, namely, the distribution of marijuana, a Schedule I controlled substance:

| COUNT | DATE | DEFENDANT | MONETARY TRANSACTION |
|---|---|---|---|
| 14 | 4/28/05 | WINSLOW NORTON | Issuance of a $43,487.94 check for the purchase of a 2005 Ford F-250 truck |
| 15 | 6/13/05 | ABRAHAM NORTON | Issuance of a $22,000 check for the down payment on the purchase of a 2006 Mercedes Benz ML 500 |
| 16 | 4/06/06 | WINSLOW NORTON | Issuance of a $25,000 check to open an Individual Retirement Account (IRA) |
| 17 | 4/06/06 | WINSLOW NORTON | Issuance of a $25,000 check to open an Individual Retirement Account on behalf of ABRAHAM NORTON |
| 18 | 5/08/07 | ABRAHAM NORTON | Issuance of a $44,000 check for deposit into his Individual Retirement Account |
| 19 | 5/08/07 | ABRAHAM NORTON | Issuance of a $44,000 check for deposit into WINSLOW NORTON'S Individual Retirement Account |
| 20 | 6/06/07 | WINSLOW NORTON | Issuance of a $122,428.19 cashier's check to Cornerstone Title Company as a deposit for the purchase of 636 San Pablo Avenue, Albany, California |
| 21 | 6/06/07 | ABRAHAM NORTON | Issuance of a $122,000 cashier's check to Cornerstone Title Company as a deposit for the purchase of 636 San Pablo Avenue, Albany, California |
| 22 | 6/11/07 | ABRAHAM NORTON | Issuance of a $45,000 cashier's check to Ticor Title as deposit for the purchase of 3959 Cowan Road, Lafayette, California |
| 23 | 6/11/07 | WINSLOW NORTON | Issuance of a $64,000 cashier's check to Ticor Title as deposit for the purchase of 3959 Cowan Road, Lafayette, California |

All in violation of Title 18, United States Code, Section 1957.

INDICTMENT                            9

FIRST FORFEITURE ALLEGATION: (21 U.S.C. § 853(a) – Drug Forfeiture)

26. The factual allegations contained in Counts One through Four of this Indictment are hereby realleged and by this reference fully incorporated herein for the purpose of alleging forfeiture pursuant to Title 21, United States Code, Section 853(a)(1) and (a)(2).

27. Upon a conviction of any of the offenses alleged in Counts One through Four, defendants,

WINSLOW NORTON
and
ABRAHAM NORTON,

shall forfeit to the United States all right, title and interest in property constituting and derived from any proceeds, defendants obtained, directly or indirectly, as a result of said violations, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said violations, including but not limited to:

    a. a sum of money equal to the total amount of proceeds defendants derived from the commission of said offenses;

    b. property located at 3959 Cowan Road, Lafayette, California;

    c. property located at 636 San Pablo Avenue, Albany, California;

    d. 2006 Mercedes Benz ML 500; and

    e. 2005 Ford F-250 truck.

28. If, as a result of any act or omission of the defendants, any of said property

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

any and all interest defendants have in any other property, up to value of the property described in the paragraph above, shall be forfeited to the United States pursuant to Title 21, United States Code, Section 853(p).

INDICTMENT                                              10

SECOND FORFEITURE ALLEGATION: (18 U.S.C. § 982(a)(1) – Money Laundering Forfeiture)

29. The factual allegations contained in Counts Five through Twenty-Three of this Indictment are hereby realleged and by this reference fully incorporated herein for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 982(a)(1).

30. Upon a conviction of any of the offenses alleged in Counts Five through Twenty-Three, the defendants,

WINSLOW NORTON
and
ABRAHAM NORTON,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), all right, title and interest in property, real and personal, involved in said violation, or any property traceable to such property, including but not limited to the following:

    a. a sum of money equal to the total amount of proceeds defendants derived from the commission of said offenses;

    b. property located at 3959 Cowan Road, Lafayette, California;

    c. property located at 636 San Pablo Avenue, Albany, California;

    d. 2006 Mercedes Benz ML 500; and

    e. 2005 Ford F-250 truck.

31. If, as a result of any act or omission of the defendants, any of said property

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

any and all interest defendants have in any other property, up to value of the property described in the paragraph above, shall be forfeited to the United States, pursuant to Title 21, United States

//
//

INDICTMENT          11

1 | Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1).

DATED: October 25, 2007

A TRUE BILL.

_____
FOREPERSON

SCOTT N. SCHOOLS
United States Attorney

_____
W. DOUGLAS SPRAGUE
Chief, Oakland Branch

(Approved as to form: _____ )
AUSA CORRIGAN

INDICTMENT                        12