UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| UNITED STATE OF AMERICA, | Case No: CR 07-0683 DLJ |
|---|---|
| Plaintiffs, | **ORDER DENYING DEFENDANTS' MOTION TO DISMISS THE COMPLAINT BASED ON TENTH AMENDMENT GROUNDS AND MOTION TO DISMISS COUNTS SIX THROUGH THIRTEEN OF THE INDICTMENT.** |
| vs. | |
| MICHAEL NORTON, et al., | |
| Defendants. | |

On April 30, 2010, the Court heard Defendant Michael Norton's ("Defendants") motion to dismiss the present indictment on the ground that it is barred by the Tenth Amendment of the United States Constitution.  At the hearing the government was represented by Robert Rees; defendant Winslow Norton was represented by Doron Weinberg; defendant Abraham Norton was represented by Harold Rosenthal and Dennis Riordan; defendant Brian Everett was represented by Jerome Matthews; and defendant Michael Norton was represented by Harold Rosenthal appearing on behalf of  William Osterhoudt.  The Government opposed the motion on grounds that it did not violate the Tenth Amendment and Defendants lacked standing to assert their claim.  After reviewing the legal briefs, documents submitted, oral arguments, and applicable law, the Court DENIES the motion.

**I.   BACKGROUND**

    **A.   Factual Background and Procedural History**

In 1996, California voters passed an Initiative called the Compassionate Use Act ("CUA").  The CUA legalized the cultivation, distribution, and use of marijuana for medical purposes.  See Cal. Health & Safety Code § 11362.5.

From 2004 to 2007, Defendants owned and operated a medical marijuana dispensary in Hayward, California.  Defendants allege that they operated their dispensary in full compliance with the CUA.  Federal law, however, criminalizes the cultivation, possession and distribution of marijuana including marijuana used for medicinal purposes.  See 21 U.S.C. §§ 841 and 812.  On October 25, 2007, an Indictment was returned by the Grand Jury charging Defendants with conspiracy, possession of marijuana with intent to distribute, maintaining a drug-involved premise, and money laundering.  The alleged criminal conduct arose out of Defendants' operation of their marijuana dispensary.

On November 7, 2008, Defendants filed two motions: (1) a motion to dismiss counts six through thirteen of the Indictment; and, (2) a motion to dismiss the Indictment as barred by the Tenth Amendment.  In their first motion, Defendants argue that the Court should dismiss counts six through thirteen of the Indictment because the facts, as stated, do not support the offense of money laundering.  In their second motion, they argue that the Court should dismiss the present Indictment on the ground that the Government is attempting to "commandeer" the State of California

into recriminalizing medical marijuana, despite the enactment of the CUA, in violation of the Tenth Amendment.

The Government opposes Defendants' motion to dismiss the present Indictment as barred by the Tenth Amendment.  However, it does not oppose their motion to dismiss counts six through thirteen, and, on February 18, 2009, filed a superseding Indictment (the present Indictment) without those counts, but adding a count charging the use and carrying of firearms in relation to the charged marijuana offense in violation of 18 U.S.C. § 924(c).

**B.   Applicable Law**

The Tenth Amendment states, "[t]he powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people." U.S. Const. amend X.  The purpose of this Amendment is to "allay fears that the new national government might seek to exercise powers not granted, and that the states might not be able to exercise fully their reserved powers." United States v. Darby, 312 U.S. 100, 124 (1941).

Laws that affect the health and welfare of citizens have traditionally fallen under the police powers reserved to the States. Raich v. Gonzales, 500 F.3d 850, 867 (9th Cir. 2007). Whenever Congress acts pursuant to one of its enumerated powers, however, it may displace the States' exercise of police powers. See Hodel v. Va. Surface Mining and Reclamation Ass'n, Inc., 452 U.S. 264, 291 (1981). Generally, then, "if Congress acts under one

of its enumerated powers, there can be no violation of the Tenth Amendment." United States v. Jones, 231 F.3d 508, 515 (9th Cir. 2000). Raich holds that Federal criminalization of marijuana is a proper exercise of Congress' Commerce Clause power. 500 F.3d at 867.

The one exception to this rule is that the Tenth Amendment does not allow the federal government to "commandeer" state action. That is, the federal government may not "direct states to perform certain functions, command state officers to administer federal regulatory programs, or . . . compel states to adopt specific legislation." Raich, 500 F.3d at 867 n.17 (citing Printz v. United States, 521 U.S. 898 (1997); New York v. United States, 505 U.S. 144 (1992)). The touchstone of a Tenth Amendment "commandeering" violation is not that federal action regulates individual behavior, but that it directly compels a State to take a specific action. Raich, 500 F.3d at 866. Whether a regulation amounts to a compulsion is a question of degree. See Charles C. Steward Mach. Co. v. Davis, 301 U.S. 548, 590 (1937)

**II. DISCUSSION**

    **A. Motion to Dismiss Counts Six Through Thirteen**

As noted, the Government issued a superseding Indictment and withdrew the money laundering charges in counts six through thirteen of the preceding Indictment. Therefore, Defendants' motion to dismiss those counts is moot.

**B.   Tenth Amendment Bar on Indictment**

   **1.   Standing**

As a preliminary matter, Defendants must demonstrate that they have standing to raise a Tenth Amendment challenge. The U.S. Supreme Court has held that private individuals lack standing to raise such challenges. In Tennessee Electric Power Company v. Tennessee Valley Authority ("TVA"), 306 U.S. 118, 144 (1939), the Supreme Court declared that only "states or their officers" possess standing under the Tenth Amendment.

Defendants, however, cite New York, 505 U.S. at 181, Gillespie v. City of Indianapolis, 185 F.3d 693, 703 (7th Cir. 1999), Board of Natural Resources of State of Washington v. Brown, 992 F.2d 937, 946 (9th Cir. 1993), and Federal Trade Comm'n ("FTC") v. MTK Marketing, Inc., 149 F.3d 1036, 1040 (9th Cir. 1998) for the proposition that TVA's discussion on standing should be seen as dicta and that TVA has been modified by subsequent decisions to the point that private citizens now have standing to bring Tenth Amendment cases. Some commentators agree. See e.g., Ara B. Gershengorn, *Private Party Standing to Raise Tenth Amendment Commandeering Challenges*, 100 Colum. L. Rev. 1065, 1073 (2000). However, this Court disagrees with that position.

In TVA, the appellants, fourteen (14) private power companies that generated and distributed electricity, sued the Tennessee Valley Authority (the "Authority"), an instrumentality of the United States created to generate and sell electricity as well.

306 U.S. at 136.  The appellants argued inter alia that the Authority violated the Tenth Amendment by selling energy in the State of Tennessee when they had been given immunity from competition by state law, and the federal regulation permitting the Authority to sell electricity in Tennessee regulated matters that were local in nature, and thus reserved to the State or the people.  Id. at 136, 140-41.  In addressing whether the appellants had standing to bring their claim, the court stated, "The appellants, absent the states or their officers, have no standing in this suit to raise any question under the [Tenth Amendment]," Id. at 144, and that, "In no aspect of the case have the appellants standing to maintain the suit . . . ," Id. at 147.  In his dissent, Justice Butler states, "This Court holds complainants have no standing to challenge the validity of the Act and puts aside as immaterial their claim that by defendant's unauthorized acts their properties are being destroyed."  Id. at 147.  In light of this decision and discussion as to the standing issue, it is clear that the law on standing stated in TVA was a direct part of the holding, and that it was not merely dicta.

Defendant's reliance on statements in New York, Gillespie, Brown, and FTC to suggest that the Supreme Court has retreated from TVA is also unavailing.  In New York, the Supreme Court did not overrule TVA, but did state, in the course of the opinion, that, "the Constitution divides authority between federal and state governments for the protection of individuals."  505 U.S. at 181.

1   The Seventh Circuit in Gillespie relied heavily on that
2  statement, and concluded that although the Tenth Amendment
3  "nominally" protects state sovereignty, it "ultimately" protects
4  the rights of individuals, and, therefore, conferred standing to
5  private parties.  185 F.3d at 703.  However, the majority of
6  circuit courts have declared that TVA is still good law, and that
7  private citizens do not have standing to bring Tenth Amendment
8  claims.  Medeiros v. Vincent, 431 F.3d 25, 33-36 (1st Cir. 2005);
9  Brooklyn Legal Serv's Corp. B. v. Legal Serv's Corp., 462 F.3d
10 219, 234-36 (2d Cir. 2006); United States v. Bond, 581 v. F.3d
11 128, 137 (3rd Cir. 2009); United States v. Hacker, 565 F.3d 522,
12 526 (8th Cir. 2009); United States v. Parker, 362 F.3d 1279, 1284
13 (10th Cir. 2004).

14   The Court finds that Defendants' reliance on the Ninth
15 Circuit's holding in Brown is misplaced.  Brown held that the
16 County of Santa Cruz had standing to assert State (California)
17 claims, but it did not extend that same right to private
18 individuals.  992 F.2d at 946.  This view is consistent with and
19 mirrors the Eighth Circuit holding in Hacker which held that
20 private individuals lacked standing to assert Tenth Amendment
21 claims.  Hacker, 565 F.3d at 526.  In doing so, the court declared
22 that its holding in Johnson Controls, Inc. v. City of Cedar
23 Rapids, 713 F.2d 370, 377 (8th Cir. 1983), which gave the City of
24 Cedar Rapids the right to assert State claims, did not extend to
25 private individuals.  Hacker, 565 F.3d at 526 fn.4.  Likewise,
26 extending Tenth Amendment standing to the County of Santa Cruz in

Brown, is not a decision that extends standing to private individuals.

Defendants have also cited Federal Trade Comm'n ("FTC") v. MTK Marketing, Inc., 149 F.3d 1036, 1040 (9th Cir. 1998) in support of their claim that the Ninth Circuit permits private parties to bring Tenth Amendment claims. The problem with the FTC case is twofold. First, FTC was issued in 1998, twelve years before Legal Serv's Corp., which cited TVA when declaring that private individuals lack standing to bring Tenth Amendment claims. Had Legal Serv's Corp. wanted to declare otherwise, it could have cited FTC to support a contrary position, but it did not. Second, although the defendant in FTC - a private entity - did raise a Tenth Amendment challenge, there is no evidence that the plaintiff opposed the defendant's right to do so, and the court was silent on the matter as well. As such, to imply that FTC agreed with private party standing for Tenth Amendment claims would be a strained interpretation of the case in light of Legal Serv's Corp. and prevailing case law.

"If a precedent of [the Supreme] Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which directly controls, leaving [the Supreme] Court the prerogative of overruling its own decisions." Rodriguez de Quijas v. Shearson/American Exp., Inc., 490 U.S. 477, 484 (1989). Thus, while New York and Gillespie raise questions as to the right of private citizens to sustain Tenth Amendment claims, TVA has not

been overruled by the Supreme Court, has been expressly followed by the Ninth Circuit, and must be followed by this Court.

### 2. Merits of Defendants' Tenth Amendment Claim

The Court believes that the factual record and the legal arguments presented by the parties is sufficient for the Court to decide the Tenth Amendment issue on its merits.  However, based upon the decision of the Court that defendant's do not have standing to raise this issue, it is not properly before the Court and the Court will not rule on the matter at this time.

### III. CONCLUSION

For the foregoing reasons, the Court should (1) DENY Defendants' motion to dismiss counts six through thirteen as moot, and (2) DENY Defendants' motion to dismiss the indictment as barred by the Tenth Amendment.

DATE: July 9, 2010

D. Lowell Jensen
United States District Court