NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

UNITED STATE OF AMERICA,

Plaintiffs,

vs.

MICHAEL NORTON, et al.,

Defendants.

Case No: CR 07-0683 DLJ

**ORDER DENYING DEFENDANT BRIAN EVERETT'S MOTION TO DISMISS COUNT EIGHT OF THE SUPERSEDING INDICTMENT**

On July 23, 2010, the Court heard Defendant Brian Everett's ("Defendant's") Motion to Dismiss Count Eight of the Superseding Indictment. At the hearing the government was represented by Robert Rees and defendant Brian Everett was represented by Jerome Matthews. Everett was joined in the motion by his codefendants, who were represented as follows: defendant Winslow Norton was represented by Doron Weinberg; defendant Abraham Norton was represented by Harold Rosenthal; and defendant Michael Norton was represented by William Osterhoudt. After reviewing the legal briefs, documents submitted, oral arguments, and applicable law, the Court DENIES the motion.

## I. BACKGROUND

### A. Factual Background and Procedural History

In 1996, California voters passed an Initiative called the Compassionate Use Act ("CUA"). The CUA legalized the cultivation, distribution, and use of marijuana for medical purposes. See Cal. Health & Safety Code § 11362.5.

From 2004 to 2007, Defendants owned and operated a medical marijuana dispensary in Hayward, California called the Compassionate Collective of Alameda County (later renamed the Compassionate Patients' Cooperative of California). Defendants allege that their Collective operated in total compliance with California State law: it secured a permit to operate from the Alameda County Sheriff; it obtained a seller's permit from the California Board of Equalization; it complied with local police periodic audits and inspections; and it paid taxes to the state.

Defendants further assert that the permit application process required that CCAC submit a detailed plan for maintaining security at the premises. To meet this requirement, CCAC contracted with a company called Seal-Mar Protection Services to provide armed guards at its Hayward location.

**B. The Superseding Indictment**

In 2007, the federal government indicted Winslow and Abraham Norton for drug trafficking, in violation of 21 U.S.C. § 841(a) and 21 U.S.C. § 864. In February 2009, the government added Michael Norton and Brian Everett as defendants by way of a Superseding Indictment. The Superseding Indictment also added a charge of carrying a firearm in relation to drug trafficking and of possession of a firearm in furtherance of drug trafficking under 18 U.S.C. § 924(c)(1)(A). The charge was charge was premised upon Seal-Mar having provided armed guards to maintain security at CCAC's Hayward location.

Count Eight of the Superseding Indictment, which is the

subject of this motion to dismiss provides as follows:

COUNT EIGHT: (18 U.S.C. § 924(c)(1)(A) and 2-Use and Carry Firearm In Relation To A Drug Trafficking Crime)

> Beginning in or about October 2005, and continuing to in or about October 2007, in the Northern District of California, in the County of Alameda, the defendants, WINSLOW NORTON, ABRAHAM NORTON, BRIAN EVERETT, and Michael NORTON, did, during and in relation to a drug trafficking crime for which the persons may be prosecuted in a court of the United States, as charged in Counts One through Seven, aid and abet the use of and the carrying of a firearm, and in furtherance of any such crime, did aid and abet the possession of a firearm, in violation of Title 18, United States Code, Sections 924(c)(l)(A) and 2.

In the conspiracy count of the Superseding Indictment, the following allegations are relevant to this motion:

> c. EVERETT was employed at CCAC as the manager, responsible for a variety of duties, including purchasing marijuana to be sold at CCAC, selecting the price to sell the various strains of marijuana, and generally running the business.
>
> d. The defendants employed an armored car service to transport the marijuana sales proceeds from the Mission Boulevard location to the Bank of America.
>
> e. The defendants employed armed guards at CCAC and 578 West Grand Avenue, Oakland CCAC was surrounded by an approximately eight-foot fence, topped by barbed-wire along the sides and rear of the facility. An armed guard controlled vehicle access into CCAC through an electronically controlled gate.
>
> s. In or around the end of September 2005, MICHAEL NORTON and BRIAN EVERETT met with representatives of Seal-Mar Protection Services at CCAC to discuss contracting for the services of armed guards at CCAC and at 578 West Grand, Oakland.
>
> t. On or about October 4, 2005, WINSLOW NORTON, ABRAHAM NORTON,MICHAEL NORTON, and BRIAN EVERETT again met with representatives of Seal-Mar Protection Services at CCAC to discuss contracting for the services of armed guards at CCAC and at 578 West Grand, Oakland.

> u. On or about October 4, 2005, WINSLOW NORTON signed a contract on behalf of CCAC with Seal-Mar Protection Services to provide armed guards at CCAC and at 578 West Grand, Oakland.

On November 23, 2009, this Court ordered the government to file a bill of particulars identifying:

> 1) [a]ny firearm contended by the Government to be an element of a violation of 18 U.S.C. § 924(c), and 2) any person contended by the Government to have been aided and abetted by any Defendant in a violation of 18 U.S.C. § 924(c).

On April 9, 2010, the government filed a Bill of Particulars containing a list of 44 persons described by the government as persons who "guard[ed] narcotics while armed." Id. at 1-3. The government also incorporated as a part of the Bill of Particulars two lists it received from Seal-Mar security. Exhibits C and D to the Motion. The first is a list of Seal-Mar employees with their names, along with a description of whether they were "armed" or "unarmed," and it also lists a location, presumably where they were deployed and in what capacity (ie. "HAYWARD," "HAY/OAK/TRANSPORT"). The government provides no further explanation of these phrases. The second list again lists the employee names along with a description of what firearms, including calibers and gun models, were possessed by each of them. Id. at 3-4.

Neither the Indictment nor the Bill of Particulars alleges that any of these 44 persons violated § 924(c)(1)(A) or was a conspirator in the underlying marijuana distribution conspiracy.

The introduction to the Bill of Particulars does state, however, that the government is alleging the violation of § 924(c) under a § 2(b) "causing" theory, as well as a § 2(a) "aiding and abetting theory." While the Indictment specifically alleges that defendants "aided and abetted" the 924(c) violation, it does not allege that defendants "caused" others to carry or possess any firearms in violation of § 924(c).

Everett has moved to dismiss Count Eight of the Superseding Indictment. He is joined in the motion to dismiss by his co-defendants.

**II. Applicable Law**

The Fifth Amendment "requires that a defendant be convicted only on charges considered and found by a grand jury." United States v. Du Bo, 186 F.3d 1177, 1179 (9th Cir. 1999); see also Stirone v. United States, 361 U.S. 212, 217 (1960). The Indictment must set forth all the essential elements and facts of the charged offense. Fed. R. Crim. P. 7(c)(1); Du Bo, 186 F.3d at 1179.

The district court is required to determine the sufficiency of the Indictment to ensure that it provides defendant with meaningful notice of the charges faced. See United States v. ORS, Inc., 997 F.2d 628,629 n.3 (9th Cir. 1993). A defendant may move before trial for dismissal of an Indictment on the grounds that it is defective or fails to state an offense. Fed. R. Crim. P. 12(b)(3)(B); see also Russell v. United States, 369 U.S. 749, 768 n.15 (1962) (explaining that an Indictment serves the additional

purpose of providing the court an opportunity to determine whether the allegations legally suffice for a conviction).

In deciding a pre-trial motion to dismiss the Indictment, a district court generally is bound by the four corners of the Indictment, United States v. Boren, 278 F.3d 911, 914 (9th Cir. 2002). A bill of particulars cannot improve an invalid Indictment. United States v. Cecil, 608 F.2d 1294, 1296 (9th Cir. 1979) ("If a bill of particulars were allowed to save an insufficient Indictment, the role of the grand jury as intervenor would be circumvented.").

**III. DISCUSSION**

Everett moves to dismiss Count Eight of the Superseding Indictment for several reasons. First, he argues that as to himself it does not state a federal offense in that the Indictment "fails to allege either the essential facts of a principal's underlying § 924(c) offense or those of the specific--intent and direct facilitation--or encouragement elements of the crime of aiding and abetting a violation of § 924(c)." Everett also seeks dismissal on the alternative ground that § 924(c) does not appropriately apply to a marijuana dispensary if the dispensary operated under the auspices of, and in compliance with, the laws of the State of California.

A. Should Count Eight be dismissed because defendants were acting in accordance with state law?

The last of defendant's arguments is the more straightforward one. Defendant attacks Count Eight on the theory that the

dispensary was operating in full compliance with state law; therefore it is unfair to charge him federally. The government takes issue both with defendant's factual assertion that the dispensary was in total compliance with state law, and also the legal argument as to the effect of any such compliance on federal charges.

The government contends that Federal statutes apply equally to all citizens no matter in which state they live in. "To make an exception allowing guns and drugs to mix in California, but not in other parts of the country, is not only unfair, it likely violates multiple provisions of the Constitution, including the Supremacy Clause and the Equal Protection Clause." Opposition at pages 4-5. See, e.g., Free v. Bland, 369 U.S. 663, 666 (1962) (noting "that any state law, however clearly within a State's acknowledged power, which interferes with or is contrary to federal law, must yield" to the Supremacy Clause. Consistent with our traditional notions of federalism, the Court finds that the constitution does not prevent the government from bringing an Indictment under federal law despite defendants' affirmances that they were acting in accordance with California State law. The Court further notes that the Supreme Court has not recognized a medical-necessity exception to the Controlled Substances Act. See United States v. Oakland Cannabis Buyers' Coop., 532 U.S. 483 (2001).

B. Should Count Eight be dismissed based on the alleged insufficiency of the Superseding Indictment?

Everett argues that the Superseding Indictment is fatally flawed in several aspects. First, Everett argues that the government may not proceed on a theory that he "caused" another to carry or use a gun in violation of 18 U.S.C § 924(c), because that theory of liability as embodied in 18 U.S.C. § 2(b) was not specifically asserted in the Superseding Indictment. Defendant next argues that the Superseding Indictment does not allege sufficient facts for him to know who the principal was that he allegedly aided and abetted or caused to use the gun. Finally Everett argues that even if all of the factual allegations of the Superseding Indictment were proven, as to him, those facts are not sufficient to prove that Everett himself had any involvement with arranging for guns, and thus he could not be found guilty of 924(c). The Court will take up each argument in turn.

1. Can the government maintain its theory that defendant “caused” others to carry guns in violation of 924(g) even though that theory of liability is not explicitly stated in the Superseding Indictment?

Defendants can be found guilty of 924(c) on different theories of liability. They can commit the offense directly; they can aid and abet another who commits the offense; they can cause another person to commit an offense or cause the commission of a required element of an offense; or they can be a member of a conspiracy when an offense is committed by another person acting in furtherance of the conspiracy.

In common with all other crimes, a violation of 924(c) requires both an act and an intent. The physical component requires an act of using or carrying a firearm during and in relation to a drug trafficking crime or of possession of a firearm in furtherance of such a crime. The mental component requires that a person knows of the drug trafficking and commits the act with a firearm with the intent to aid the commission of the drug trafficking.

18 U.S.C. § 2 provides:

> (a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.
>
> (b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

The Indictment in this case specifically alleges that defendants "aided and abetted" the 924(c) violation, but it does not allege any other thesis for liability. Defendant argues that, because of that circumstance, the government cannot then seek a conviction under any other theory of liability at trial.

The government argues that because Count Eight invokes 18 U.S.C. § 2, that reference is broad enough to include liability under both § 2(a) and § 2(b), and that such broad liability "was affirmatively invoked by the Grand Jury in the superseding Indictment." See United States v. Armstrong, 909 F.2d 1238, 1242 (9th Cir.1990).

In Armstrong, the defendant alleged that the Government materially amended the Superseding Indictment by implying an aiding and abetting charge where the Superseding Indictment only specifically charged Armstrong with "causing" another to make false entries in federal firearms transaction records in violation of 18 U.S.C. § 922(m) and 18 U.S.C. § 2(b). At trial, the Government proceeded on the theory that Armstrong could be found guilty of either causing the violation under § 2(b) or aiding and abetting the violation under § 2(a), arguing that aiding and abetting is implied in every federal Indictment, whether or not it is specifically mentioned. The district court agreed and instructed the jury accordingly.

The Court of Appeals, in affirming the trial court, held that "[a]ll Indictments must be read in effect, then, as if the alternatives provided by 18 U.S.C. § 2 were embodied in each count thereof." Id at 1242. Under the holding of Armstrong this Court finds that the charge of any offense, in and of itself, impliedly invokes the possibility of finding a defendant guilty on any theory of liability, and finds that the motion to limit the government to an aiding and abetting theory of liability must be denied.

However, in order to prove that the defendant Everett "caused" a violation of 924(c) the government will be required to prove that he had the culpable state of mind necessary to establish a violation of the statute; and that he did in fact cause another person to commit the physical component of a 924(c)

violation; and that Everett intended that the act he caused would further the drug trafficking activity.

Failure of the government to allege the "causing" thesis of liability in the Superseding Indictment, however, raises an obvious and troubling question of whether or not evidence to support the thesis was presented to the Grand Jury. Since there is no pre-trial mechanism for the Court to review the sufficiency of the evidence which was presented to the Grand Jury; and that there is no apparent duty placed on the government to plead all theories of liability; and that the government avers that "[a]s a factual matter, therefore the entirety of § 2 liability, both under § 2(a) and § 2(b), was affirmatively invoked by the Grand Jury in the superseding Indictment" (Opp. at 4:21-24) the Court will permit the government to proceed with the causing theory of liability at trial.

2. Does the Superseding Indictment contain sufficient information for the Defendant to be on notice of the charges against him?

Defendant's first argument in this regard is that even if the government can prove that another person committed a § 924(c) offense the government has no evidence that Everett was more than merely aware of the guns being used and that mere awareness is insufficient. United States v. Bancalari, 110 F.3d 1425, 1429-30 (9th Cir. 1997) (holding that direct facilitation or encouragement of the use, carrying, or possession of a gun in relation to the underlying crime is necessary and that mere awareness thereof is

insufficient for aiding-and-abetting liability under §924(c)(1)(A). While this may be a correct statement of the law in the abstract, Bancalari is a post-trial case in a totally different procedural posture than this case.

Here, in essence, Everett is arguing that the evidence will not be sufficient to establish his culpable state of mind. It is true that this element of the offense must be proven by the government, but that is a matter for trial. The Rules of Criminal Procedure do not permit a defendant to argue the sufficiency of the prosecution's evidence in advance of trial. Fed. R. Crim.P. 12(b)(3)(B). That is to say, there is no equivalent to summary judgment in a criminal case. The question, then for this Court is whether the Constitution has been violated by an insufficiency in the pleadings in the Indictment. The Court finds that no constitutional violation has been shown here.

The second argument of the defendant is that the Indictment is deficient in that it must, but does not, allege the specific person who violated 18 U.S.C. § 924(c)(1)(A) and was aided and abetted by Everett. See United States v. Sutcliffe, 505 F.3d 944, 959 (9th Cir. 2007)("There is no question that a conviction for aiding and abetting a crime requires proof that the underlying crime was committed . . . .").

The elements of aiding or abetting the use and carrying of a firearm in relation to, or the possession of a firearm in furtherance of, a drug-trafficking crime are:

(1) the defendant specifically intended to aid an armed drug-trafficking crime; and

(2) the defendant directly facilitated or encouraged someone else;
(a) in using or carrying a firearm during and in relation to a drug-trafficking crime; or
(b) in possessing a firearm in furtherance of a drug-trafficking crime.

Derivative liability as an aider-and-abettor to a § 924(c)(1)(A) offense requires proof that another person actually committed the offense. 18 U.S.C. § 2; Sutcliffe, 505 F.3d at 959 ("There is no question that a conviction for aiding and abetting a crime requires proof that the underlying crime was committed ….").

The government asserts that Count Eight of the Superseding Indictment alleges each of the elements required, and that is all that the government must do at this juncture. According to the government, the Superseding Indictment is adequate to put defendant on notice of the charges against him, and provides specifics as to when and how each of these elements occurred. See e.g., United States v. Christopher, 700 F.2d 1253, 1257 (9th Cir. 1983) ("An Indictment should be read in its entirety, construed according to common sense and interpreted to include facts which are necessarily implied).

Defendant counters citing United States v. Keith, 605 F.2d 462, 464 (9th Cir. 1979) that an Indictment is inadequate when it fails to allege an essential element of the offense even when it tracks the language of the statute. Defendant argues that "nowhere does the Indictment allege that any of the 44 security

personnel identified in the Bill of Particulars was criminally responsible for drug trafficking."

It is clear that the government may proceed against defendants without first prosecuting the alleged principal. United States v. Causey, 835 F.2d 1289, 1291 (9th Cir. 1987)("the failure to prosecute or to obtain a prior conviction of that individual does not preclude the conviction of the aider and abettor"). The government will still have to prove at trial that someone other than the defendant did in fact commit the substantive crime, and that the defendant aided and abetted that person. The same reasoning is applicable to a prosecution based on "causing" under § 2(b). The government will have to prove that someone other than the defendant carried out the physical component of a 924(c) offense and that the defendant did in fact cause that person's conduct.

Regardless of the issues to be resolved at trial, the question remains as to whether the Superseding Indictment sufficiently puts the defendants on notice of who it was that they aided and abetted or caused to act.

The text of the Superseding Indictment, both by inclusion and exclusion, makes it clear that the physical component of the 924(c) charged was not carried out by a named defendant, but rather by a third person. It further describes that third person as an armed guard employed by Seal-Mar Protection Services working at one of the premises used by the defendants during the timeframe of the alleged conspiracy. The Court believes that this is

sufficient notice under the present law and notes that the force of the argument about a lack of specificity is significantly weakened by the Bill of Particulars which limits the pool of possible third persons and their firearms, and by the fact the government has agreed to provide the names of specific witnesses and any relevant Jencks Act material far enough in advance of trial to permit defense investigation.

**IV. CONCLUSION**

For the foregoing reasons, the Court denies the Motion to Dismiss Count Eight of the Indictment.

DATE: September 10, 2010

D. Lowell Jensen
United States District Court